United States District Court
Southern District of Texas
**ENTERED**
June 16, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-13-101 |
| | § | |
| JUSTIN LEVAR TAYLOR | § | (Civil Action No. H-16-1699) |

## MEMORANDUM AND ORDER

Defendant Justin Levar Taylor has filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. # 150], seeking to have his conviction and sentence vacated and citing *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).  Neither the *Johnson* decision nor its reasoning apply to Defendant's conviction and sentence for brandishing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii) and, as a result, the § 2255 Motion is **denied**.

## I.    BACKGROUND

On February 20, 2013, Defendant was charged by Indictment [Doc. # 1] with one count of aggravated bank robbery in violation of 18 U.S.C. § 2113 (Count 1) and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2).  On June 25, 2013, Defendant entered a plea of guilty to both counts.  On January 7, 2014, Defendant was sentenced to 51 months in

custody on Count 1 and 84 months on Count 2, to run consecutively for a total of 135 months. *See* Judgment in a Criminal Case [Doc. # 140]. Defendant's sentence also included a five-year term of supervised release, a $200 special assessment, and restitution in the amount of $3,652.00. *See id.* Defendant did not pursue a direct appeal of his conviction and sentence.

On April 5, 2016, Defendant sent a letter to the Court requesting relief under *Johnson*. *See* Letter [Doc. # 148]. By Order [Doc. # 149] entered April 6, 2016, the Court denied Defendant's request for relief.

On June 13, 2016, Defendant filed the current § 2255 Motion [Doc. # 150], an Application to Proceed Without Prepaying Fees or Costs [Doc. # 151], and a Motion for Appointment of Counsel [Doc. # 152]. Defendant argues that his conviction and sentence on Count 2 should be vacated pursuant to the Supreme Court's *Johnson* decision.

## II.   ANALYSIS

In *Johnson*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague.[1] The *Johnson* decision regarding the constitutionality of the

---

[1]     The ACCA's residual clause defines a crime constituting a "violent felony" as one that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

residual clause of the ACCA does not apply in this case, however, because Defendant was not convicted or sentenced under the ACCA.

Defendant argues that the *Johnson* decision should be applied to § 924(c), the charge against him in Count 2 of the Indictment.  Section 924(c)(1)(A) provides, *inter alia*, for a seven-year consecutive term of imprisonment for brandishing a firearm in furtherance of a crime of violence.  *See* 18 U.S.C. § 924(c)(1)(A)(ii).  The statute defines a "crime of violence" as an offense that:

(A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(A)-(B).  Defendant argues that paragraph (B), the residual clause, is unconstitutionally vague and that, therefore, his conviction and sentence under Count 2 should be vacated.

The Court does not need to reach the constitutional issue regarding the residual clause in paragraph (B) because aggravated bank robbery is a "crime of violence" under paragraph (A).  A person commits the crime of bank robbery if he "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or

possession of, any bank, credit union, or any savings and loan association; . . ..” 18

U.S.C. § 2113(a).  A person commits the crime of aggravated bank robbery if, while

committing a bank robbery, he “assaults any person, or puts in jeopardy the life of any

person by the use of a dangerous weapon or device . . ..” 18 U.S.C. § 2113(d).

Aggravated bank robbery falls within the definition of a “crime of violence” under

§ 924(c)(3)(A).  *See Royal v. Tombone*, 141 F.3d 596, 602 (5th Cir. 1998) (under

§ 924(c)(3)(A), an inmate convicted of the crime of bank robbery is incarcerated for

a “crime of violence”); *see also United States v. Fox*, 2016 WL 3033067, *3 (11th Cir.

May 26, 2016) (citing other federal courts of appeals that have held that bank robbery

under § 2113(a) constitutes a crime of violence under § 924(c)(3)(A)); *United States

v. Carpenter*, 2016 WL 878631, *2 (N.D. Ill. March 8, 2016) (rejecting a *Johnson*

challenge to § 924(c) and citing federal courts of appeals that interpret “intimidation

in the context of Section 2113(a) as requiring a threat of bodily harm” to satisfy the

requirements for § 924(c)(3)(A)); *United States v. Watson*, 2016 WL 866298, *7 (D.

Hawaii March 2, 2016) (applying pre-*Johnson* Ninth Circuit case law to hold that

Section 2113(a) and (d) are crimes of violence under § 924(c)(3)(A)); *United States

v. Strong*, 2015 WL 6394237, *4 (W.D.N.C. Oct. 21, 2015) (applying pre-*Johnson*

Fourth Circuit case law to hold that armed bank robbery is a crime of violence under

§ 924(c)(3)(A)).

Neither the *Johnson* decision nor its reasoning supports Defendant's § 2255 Motion to vacate his conviction and sentence on Count 2 for brandishing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A)(ii).  The Court, therefore, denies Defendant's § 2255 Motion.

## III.   CERTIFICATE OF APPEALABILITY

Any review of this Court's decision on Defendant's § 2255 Motion is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253(c).  Therefore, a certificate of appealability is required before an appeal may proceed.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the movant must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the full record and the applicable law, the Court concludes that reasonable jurists would not find its assessment of Defendant's § 2255 Motion debatable or wrong.  As a result, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION AND ORDER

Aggravated bank robbery is a "crime of violence" pursuant to 18 U.S.C. § 924(c)(3)(A).  Neither the Supreme Court's *Johnson* decision nor its reasoning supports Defendant's challenge to his conviction and sentence on Count 2 of the Indictment for brandishing a firearm in furtherance of a crime of violence. Consequently, it is hereby

**ORDERED** that the Taylor's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 150] is **DENIED**, and the corresponding civil action (H-16-1699) is **DISMISSED** with prejudice.  It is further

**ORDERED** that a certificate of appealability is **DENIED**.  It is further

**ORDERED** that Defendant's Motion to Proceed Without Prepaying Fees or Costs [Doc. # 151] and Motion for Appointment of Counsel [Doc. # 152] are **DENIED**.

SIGNED at Houston, Texas, this 16th day of **June, 2016**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE